IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CURTIS J. NEELEY, JR., MFA                          PLAINTIFF

V.                          NO. 12-5074

NAMEMEDIA INC., GOOGLE INC.,
MICROSOFT CORPORATION, THE
FEDERAL COMMUNICATIONS COMMISSION,
AND THE UNITED STATES                               DEFENDANTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Now before the Court is pro se Plaintiff's Motion for Leave to Proceed In Forma Pauperis (IFP) and Motion for Service, and Plaintiff's Motion for Sanctions. (Docs. 3, 16). The motions have been referred to the undersigned.

**I.   Arguments:**

Google Inc. filed a response to Plaintiff's motion on April 28, 2012 (Doc. 9), asserting that under 28 U.S.C. § 1915, the Court "must dismiss a case if it determines the allegations are 'frivolous or malicious' or 'fail to state a claim on which relief may be granted.'" (Doc. 9 at p. 2); 28 U.S.C. §1915(e)(2)(B). Google Inc. contends that Plaintiff's allegations in this action lack any basis in the law, and that he "merely seeks to initiate another round in his obsessive feud." (Doc. 9 at p. 2). Google Inc. asks that Plaintiff's application be denied and dismissed, sua sponte, and refers to Plaintiff's previous litigation that began in 2009 and continued until 2012, Neeley v. Namemedia, Inc., Network Solutions, Inc.,

-1-

and Google, Inc., Case 5:09-CV-5151. Google Inc. acknowledges that it has not been formally served with process in this lawsuit, and, by filing the response, indicates that it does not waive its right to challenge service of process of the Complaint and Summons or to assert any and all defenses. (Doc. 9 at n. 1).

Defendant NameMedia also filed a response to Plaintiff's motion, adopting the arguments and reasoning set forth in Google Inc.'s response, and additionally asserting that Plaintiff is precluded from bringing this lawsuit based upon the doctrine of claim preclusion, which provides that all theories of recovery stemming from one factual situation must be brought at once, or are forfeited, citing County of Boyd v. US Ecology, 48 F.3d 359, 361 (8th Cir. 1995), cert. denied 516 U.S. 814 (1995).

**II.  Applicable Law:**

Because Plaintiff is seeking to proceed IFP, the Court must first determine whether the Plaintiff qualifies for such status under 28 U.S.C. §1915(a). In reviewing Plaintiff's IFP application, he states that he receives about $1,087.00 a month in disability payments and alimony, but his expenses total $878.00 per month. Accordingly, it does appear that Plaintiff qualifies for IFP status due to his economic circumstances and his Motion to Proceed IFP is, therefore, **GRANTED.**

The Court must next determine whether the cause of action

-2-

stated in the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See § 1915(e)(2)(B). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Although "'detailed factual allegations are not required,'" a complaint must include enough facts to "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. While pro se complaints are to be construed liberally, courts must still apply the "plausibility standard." See Ventura-Vera v. Dewitt, 2011 WL 2184269, *1 (8th Cir. June 7, 2011).

## III. Discussion:

### A.   Case No. 09-CV-5151

In the previous case filed by Plaintiff on July 22, 2009, Case No. 5:09-CV-5151, Plaintiff named NameMedia as Defendant, claiming rights in two interstate domain names – eartheye.com and sleepspot.com, and contended NameMedia registered and was using these names in bad faith and "cybersquatting" in violation

AO72A
(Rev. 8/82)

of 15 U.S.C. § 1125. (Doc. 3).[1] The Complaint sought compensatory damages for emotional distress, statutory damages, and punitive damages. (Doc. 3). On November 24, 2009, Plaintiff filed an Amended Complaint against Defendants NameMedia, Network Solutions Inc. ("Network"), and Google Inc., entitled "Complaint for Trademark and Copyright Violations Resulting in an Intentional Infliction of Emotional Distress," wherein he fleshed out his allegation that NameMedia acquired the domain names "primarily for the purpose of selling, renting, licensing, or otherwise transferring the domain name registration" for consideration in excess of its out-of-pocket costs, in violation of 15 U.S.C. § 1125 and 17 U.S.C. § 106, and that all Defendants conspired to cybersquat the two domains and ignored his alleged trademark rights. (Doc. 14). Plaintiff further alleged that Network violated his copyright and trademark rights by advertising domain expiration dates, and that NameMedia registered and licensed the domains to Google Inc. Finally, the Amended Complaint alleged that NameMedia was violating Neeley's copyright in several photographs. Plaintiff asked the Court to value his "emotional damages with the websites eartheye.com and sleepspot.com to be in excess of ten million dollars of compensatory damages...," and that Defendants

---

[1] The undersigned has taken the liberty of using United States District Judge Jimm Larry Hendren's summary of Plaintiff's complaint given in his Order entered on March 1, 2010. (Doc. 97).

-4-

be required to pay punitive damages "greatly exceeding twenty million dollars spread among the Defendants as the jury so determines." (Doc. 14 at p. 11).

On January 21, 2010, Plaintiff filed a Request for Leave to File Second Amended Complaint to name the applicable sections of Title 17 and to add a more specific claim of violation of 5 U.S.C. § 552a(b). United States District Judge Jimm Larry Hendren granted the motion by text order, and on January 22, 2010, Plaintiff filed the amended complaint. (Doc. 53).[2]

On March 1, 2010, Judge Hendren entered an Order, granting NameMedia's motion for summary judgment on Plaintiff's claim of outrage and claims for emotional and punitive damages; dismissing Plaintiff's copyright claims against NameMedia and Google Inc. without prejudice, as Plaintiff's copyright was not registered; denying Plaintiff's Motion for Summary Judgment against NameMedia's counterclaim; denying Plaintiff's Motion for Interlocutory Summary Judgment Leaving the Damages Question for A Jury Against Separate Defendant NameMedia Inc.; granting Google Inc.'s Motion to Dismiss the claims under 5 U.S.C. §552(f) and the theory of contributory trademark infringement; denying Google Inc.'s motion regarding Plaintiff's allegation that Google Inc. conspired with other Defendants to infringe his

---

[2]On February 10, 2010, Plaintiff filed a request for leave to file a Third Amended Complaint, so that he could add three search engine Defendants - Yahoo Inc., AOL LLC, and Microsoft Corporation. (Doc. 67). However, on February 11, 2010, Plaintiff filed a Motion to Withdraw his Motion to File Third Amended Complaint. (Doc. 72).

-5-

trademark; denying Plaintiff's motion seeking leave to amend summons; denying Plaintiff's Motion for a More Definite Statement; and concluding that Plaintiff violated Fed.R.Civ.P. 11, putting him on notice that no further conduct of the nature described in the order would be tolerated.  (Doc. 97).[3]

On March 17, 2010, Plaintiff filed a Motion Requesting Leave to File Third Amended Replacement Complaint, seeking to add Yahoo Inc., AOL LLC, Microsoft Corporation, IAC, and ICANN Inc., as parties to the action.  (Doc. 112 at ¶ I ).  Plaintiff also sought to add:  claims of defamation against Yahoo Inc., AOL LLC, Microsoft Corporation, IAC, and Google Inc.;  a substantive due process claim against Google Inc.;  claims of outrage against Network, NameMedia and Google Inc.;  and to assert a claim of detrimental reliance against ICANN Inc.  (Doc. 112 at ¶ ¶ 2a-d and 2g).  More specifically, with respect to Microsoft Corporation, in Plaintiff's brief in support of his motion, Plaintiff sought to add a defamation claim, stating that it, as well as other additional Defendants, "defamed the Plaintiff while violating his rights to exclusively control attribution to modified art or not to be credited to modified art that subjects the artist to public shame."  (Doc. 112 at p. 1).

---

[3] Plaintiff made accusations in his brief in support of one of his motions, accusing Defendant NameMedia and its counsel of lying to the Court.  Judge Hendren stated that he "had little doubt that Neeley is making these accusations about lying with an improper purpose because it is clear from the context of his motion that he is exaggerating the situation."  (Doc. 97).

On May 20, 2010, Judge Hendren entered an Order denying Plaintiff's Motion for Reconsideration of his March 1, 2010 Order; denying Google Inc.'s Motion for Reconsideration; and denying Plaintiff's Motion to File a Third Amended Complaint. (Doc. 125).  In addressing Plaintiff's Motion to File a Third Amended Complaint, Judge Hendren commented:

> In the case at bar, the Court notes that since this matter was filed on July 22, 2009, Neeley has fleshed out his initial Complaint by Magistrate's Addendum, and amended it two more times.  He moved to amend a third time but later withdrew that motion.  Despite all this activity, the essential claims have not changed from those outlined in ¶ 1 of this Order.  The Court concludes that, to the extent there are deficiencies in Neeley's pleadings, he has repeatedly failed to cure them.
>
> The Court also notes that over nine months have passed since this case was commenced, without yet reaching the procedural point where the parties can be directed to conduct a 26(f) conference and commence discovery.  The defendants have been required to address multiple frivolous motions, including several that were filed and later withdrawn.  The tenor of much of Neeley's pleadings, as noted in the Court's Order of March 1, 2010, indicates "that he is more interested in wreaking revenge on the defendants than obtaining legal redress for any economic injury to himself."  These facets of the case suggest that the delays that have troubled this case to date are prejudicial, and are the result of bad faith or dilatory motive.

(Doc. 125 at p. 6).  Judge Hendren also addressed the fact that the text of the proposed amendment would be subject to summary dismissal as being futile because: Plaintiff's claim of outrage would not survive a motion to dismiss for failure to state a

-7-

claim; Plaintiff's allegations regarding trademark violations against Network were not allegations, but were offers to negotiate; the allegations against the potential new Defendants were either speculative or state that Defendants have "absolutely no trademark exposure;" and because Plaintiff refused to register his copyright, no purpose would be served by allowing an amendment to allege copyright violations. (Doc. 125).

On May 27, 2010, Plaintiff filed a Motion for Reconsideration of Judge Hendren's Order denying his motion to file a third amended complaint. (Doc. 128). Also on May 27, 2010, Plaintiff filed a Motion Requesting Leave to File Replacement Complaint, once again trying to add claims and parties, such as the United States (USA), the Federal Communications Commission (FCC), and ICANN Inc. (Docs. 132, 132-1, 133). Plaintiff later withdrew the motion. (Doc. 79).

On June 1, 2010, Plaintiff filed a Notice of Appeal to the Eighth Circuit Court of Appeals, appealing Judge Hendren's Orders entered on March 1, 2010 (Doc. 97) and May 20, 2010 (Doc. 125). (Doc. 136). On June 3, 2010, Plaintiff filed an Amended Notice of Appeal (Doc. 139), appealing Judge Hendren's granting of Defendants' Motion to Dismiss and for Partial Summary Judgment.

On August 12, 2010, the Eighth Circuit entered a decision,

AO72A
(Rev. 8/82)

finding that it only had jurisdiction over the district court's denial of Plaintiff's claims for injunctive relief, and agreeing with the district court that Plaintiff had not shown irreparable harm or any likelihood of success on the merits. (Docs. 166-1, 166-2)

On September 28, 2010, Plaintiff filed a Motion for Leave to File Fourth Amended Complaint, seeking to add "numerous Defendants and claims...." (Doc. 167). On October 27, 2010, Judge Hendren denied Plaintiff's motion. (Doc. 186).

On October 27, 2010, Judge Hendren entered an Order denying Plaintiff's Motion for Federal Communications Injunction, stating that the FCC was not a party to the case, and that the Court had denied Plaintiff's motion to amend so as to make it a party. (Doc. 190).

On October 29, 2010, Plaintiff filed a "Second Request for Leave to File Fourth Amended Complaint" to "add numerous claims discovered or done during this swarm of related action since after January 24th 2010." (Doc. 193). On November 1, 2010, Judge Hendren denied Plaintiff's request, "for the reasons set forth in docket entries #125 and #186." (Doc. 195).

Plaintiff filed a Petition for Writ of Certiorari with the Supreme Court of the United States, which was denied on November 1, 2010. (Doc. 203).

On November 2, 2010, Plaintiff filed a "Motion for Joining

of Claims and Joinder of the FCC as Another Party." (Doc. 198). On November 17, 2010, Judge Hendren denied the motion, stating that "[d]espite plaintiff's claim that this is 'not a motion to amend,' it does in fact seek that very type of relief, and is **denied** for the reasons set forth in docket entries #125 and #186." (Doc. 209).

On May 11, 2011, Plaintiff filed a "Motion for Joinder of Claims." (Doc. 258). On June 7, 2011, Judge Hendren denied the motion. (Doc. 267).

On June 7, 2011, Judge Hendren entered an Order granting Google Inc.'s Motion for Summary Judgment and dismissed Plaintiff's claims against Google Inc. with prejudice. (Doc. 268). Judge Hendren also granted NameMedia Inc.'s Motion for Partial Summary Judgment and dismissed Plaintiff's claims against NameMedia, Inc. with prejudice. (Doc. 268).

On June 15, 2011, Plaintiff filed a Notice of Appeal to the Eighth Circuit Court of Appeals, appealing the "prejudicial judgments of Dkt. 267 and Dkt. 268 wherein various claims against Defendants Google Inc and NameMedia Inc were dismissed leaving only the counterclaim for trial and failing to address 17 USC § 106A claims except with the outlandish rational that display of original, visual art photographs online against the wishes of the artist does not violate (VARA) or 17 USC § 106A." (Doc. 272).

-10-

On July 18, 2011, Plaintiff filed another Notice of Appeal to the Eighth Circuit Court of Appeals, appealing the "prejudicial judgments of **Dkt. 209**, **Dkt. 267**, and **Dkt. 268** wherein various claims against Defendants Google Inc and NameMedia Inc were dismissed and the malingering Federal Communications Commission (FCC) was not allowed added." (Doc. 286).

On February 15, 2012, the Eighth Circuit Court of Appeals entered Judgment in the case, stating:

> Upon careful review, we conclude that dismissal of his 17 U.S.C. § 106A claims was proper for the reasons stated by the district court in its June 7, 2011 order denying Neeley's motion for reconsideration. We also conclude that the court did not abuse its discretion in denying Neeley further leave to amend after he filed a second amended complaint, <u>as the proposed amendments he highlights on appeal would have been futile.  See <u>Dennis v. Dillard Dep't Stores, Inc</u>., 207 F.3d 523, 525 (8th Cir. 2000). Accordingly, we affirm.  See 8th Cir. R. 47B.

(Doc. 290-1)(emphasis added).

## B.  Case No. 12-5074

In the case now before the Court, Plaintiff filed his complaint on April 18, 2012, entitled "Complaint for Libelous Invasions of Privacy, Author's Rights Violations, Fraudulent Use of Stolen Art, and Failure to Regulate Wire Communications or Protect Exclusive Rights for Authors" (Doc. 1), naming NameMedia, Google Inc., Microsoft Corporation ("Microsoft"), the FCC, and the USA as Defendants.

As Plaintiff's allegations contain much rambling, it is

-11-

somewhat difficult to determine exactly what Plaintiff's claims are against each Defendant. Nevertheless, the undersigned has attempted to summarize them as follows:

1. NameMedia - Plaintiff contends that NameMedia stopped allowing users of photo.net to delete submitted art, and maliciously prevented deletion of Plaintiff's nude art, constituting "defamation by libel" which was an "invasion of privacy."

2. Google Inc. - Plaintiff contends that Google Inc. allowed the nude photos to be seen, and conspired with NameMedia to display the nude photos, constituting defamation and violating the Fourth Amendment. Plaintiff also alleges Google Inc. violated 17 U.S.C. §106A.

3. Microsoft - Plaintiff contends that Microsoft stopped returning Plaintiff's nude art in return for searches on "curtis neeley" on March 8, 2012, but resumed returning Plaintiff's nude art in searches for Plaintiff on April 5, 2012.

4. FCC Malfeasance - Plaintiff contends that the FCC refuses to perform the statutory mission for protecting the safety of the public on world-wide wire communications. Plaintiff seeks creation of an FCC nonprofit "Search Engine Alternative." Plaintiff also asks that the FCC be ordered to regulate all wire communications defined in 47 U.S.C. § 153, but not regulated now.

-12-

5.  USA - Plaintiff merely states that the United States Attorney General should be served with certain "declarations."

In his prayer for relief, Plaintiff seeks injunctive, declaratory, compensatory, and punitive relief. (Doc. 1 at p. 17).

### C.  Res Judicata:

A complaint filed *in forma pauperis* is not subject to dismissal simply because the plaintiff is litigious. <u>Cooper v. Wood</u>, No. 95-3798, 1997 WL 177458, at *1 (8th Cir. Apr. 15, 1997). "Rather, the substance of the claim is the appropriate measure." <u>Id.</u>  The Court may invoke the doctrine of res judicata <u>sua sponte</u>, "to avoid 'unnecessary judicial waste.'" <u>Hanig v. City of Winner, S.D.</u>, 527 F.3d 674, 676 (8th Cir. 2008); <u>see also</u> <u>Risdal v. Jacobs</u>, No. 94-1258, 1995 WL 408236, at *1 (8th Cir. July 12, 1995)(holding that Plaintiff's allegations were frivolous, "particularly because he does not deny that he has repeatedly brought these claims before the district court."). "Relitigating a claim that has been barred by res judicata is frivolous." <u>Offord v. Parker</u>, 456 Fed. Appx. 472, 474, 2012 WL 13929, at *2 (5th Cir., Jan. 4, 2012).

When the prior action is brought in federal court on a federal claim, federal rules of res judicata determine the preclusive effect of the prior action. <u>Taylor v. Sturgell</u>, 553 U.S. 880, 891 (2008).  Under federal law, "the doctrine of res

-13-

judicata bars litigation of a claim if:  '(1) the prior judgment was rendered by a court of competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases.'" Hillary v. Trans World Airlines, Inc., 123 F.3d 1041, 1046, n.2 (8th Cir. 1997), cert. denied, 522 U.S. 1090(1998)(quoting from Lane v. Peterson, 899 F.2d 737, 742 (8th Cir. 1990), cert. denied, 498 U.S. 823 (1990).

"For purposes of res judicata, the term 'cause of action' has been given a 'more practical construction rather than the 'rather rigid and technical construction' it was given at common law." Daley v. Marriott International, Inc., 415 F.3d 889, 896 (8th Cir. 2005)(quoting Ruple v. City of Vermillion, 714 F.2d 860, 861 (8th Cir. 1983), cert. denied 465 U.S. 1029 (1984)).

> Therefore, under the "same cause of action" element of the doctrine of res judicata, "whether a second lawsuit is precluded turns on whether its claims arise out of the 'same nucleus of operative facts as the prior claim.'"

Daley, 415 F.3d at 896 (quoting Costner v. URS Consultants, Inc. 153 F.3d 667, 673 (8th Cir. 1998)). The court in Daley concluded that in the final analysis, the test is whether the wrong for which redress is sought is the same in both actions. Daley, 415 F.3d at 896.

The Court agrees with Defendant Google Inc., that although the labels Plaintiff uses are different in the present case,

-14-

i.e. changing from "copyright" to "outrage" to "defamation" to "libel," the same underlying facts and occurrences are the basis for the claims in both cases, and the wrong for which Plaintiff seeks redress is the same in both cases.  Accordingly, the Court believes res judicata precludes the second action against NameMedia and Google Inc. and therefore, the complaint should be dismissed as to NameMedia and Google, Inc. as frivolous.

The next question relates to whether the present action is barred by the doctrine of res judicata as to Defendants Microsoft Corporation, the FCC, and the USA.  Although the Court believes that the prior case and the case now before it are based on the same cause of action, the doctrine of res judicata will not bar the present case against a Defendant which was not a party to the prior action.  The only exception to this rule is when a Defendant stands in privity with a Defendant in the prior suit.  Id., at 896-897.  Privity has been held to exist where parties have "a close relationship, bordering on near identity." Id.  The Court cannot say that privity exists between the Defendants in the previous case and the Defendants Microsoft Corporation, the FCC, and the USA.

**D.   Failure to State a Claim:**

The Court nevertheless finds it appropriate to dismiss the claims against Microsoft, the FCC, and the USA for the following reasons:

-15-

1.    Claims against Microsoft - Plaintiff's allegations against Microsoft are ambiguous at best.   The essence of Plaintiff's assertions against Microsoft are that it stopped returning Plaintiff's nude art in return for searches of "curtis neeley" on March 8, 2012, but resumed returning the nude art in searches for Plaintiff on April 5, 2012.   In the event this is construed as a defamation claim against Microsoft, such claim must fail, as Plaintiff must prove the following elements: (1) the defamatory nature of the statement of fact; (2) that statement's identification of or reference to the plaintiff; (3) publication of the statement by the defendant; (4) the defendant's fault in the publication; (5) the statement's falsity; and (6) damages. Lancaster v. Red Robin International, Inc., 2011 Ark. App. 706 (2011)(citing Dodson v. Allstate Insurance Co., 231 S.W. 3d 711, 716 (Ark. 2006)).   Plaintiff is the one who originally placed the photos on the internet in the first place and accordingly, Plaintiff's defamation claim against Microsoft must fail.

If the Court construes Plaintiff's claim against Microsoft as a claim for violation of 17 U.S.C. §106A, said claim would also fail.   Judge Hendren carefully addressed this issue in Case 09-5151, on June 7, 2011, holding that §106A(2) would not apply to copies of Neeley's photographs on the internet.   (Doc. 267 at p. 2).   Judge Hendren further held that he did not believe that

-16-

allowing searches of Neeley's name to return "proper attributed figurenude photographs to minors" could be said to amount to "a distortion, mutilation, or other modification of the work." (Doc. 267 at p. 2). For the same reasons given in Judge Hendren's Order entered on June 7, 2011, the Court believes Plaintiff's claim against Microsoft under 17 U.S.C. §106A fails to state a claim.

2. FCC Malfeasance - Plaintiff alleges malfeasance on the part of the FCC, arguing that the FCC refuses to perform the statutory mission for protecting the safety of the public on world-wide wire communications.  Plaintiff also seeks creation of an FCC nonprofit "search engine alternative," and asks that the FCC be ordered to regulate all wire communications defined in 47 U.S.C. §153, but not regulated now.

The FCC is "an agency of the United States that was created pursuant to the Communications Act of 1934, 48 Stat. 1064, as amended ("the Communications Act" or "the Act")."  <u>Radar Solutions, Ltd. V. U.S. Federal Communications Comm'n.</u>, 628 F.Supp.2d 714, 719 (W.D.Tex. 2009), <u>aff'd</u>, 368 Fed.Appx. 480 (2010), <u>cert. denied</u>, 130 S.Ct. 3524 (2010).  "As an agency of the United States, the FCC is liable only to the extent that Congress has waived its sovereign immunity."  <u>Id.</u> at 724. "Jurisdiction over the United States and its agencies exists only where it has waived its sovereign immunity by statute."

-17-

<u>Wendt v. USDA Farm</u>, No. 5:12-CV-0342(GLS/DEP), 2012 WL 1900541, at *4 (N.D. N.Y. May 2, 2012), <u>report and recommendation adopted</u>, No. 5:12-CV-342(GLS/DEP), 2012 WL 1900535 (May 24, 2012).  With certain exceptions, the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, "waives the sovereign immunity of the United States with respect to tort claims." <u>Id.</u> However, "there are multiple exceptions to the waiver of sovereign immunity granted under the FTCA.  Particularly relevant is the requirement that Plaintiff exhaust all administrative remedies before filing a suit." <u>Radar Solutions</u>, 628 F.Supp.2d at 725.  There is no indication in this case that Plaintiff made any attempt to present an administrative claim to the FCC prior to filing suit.  Accordingly, Plaintiff has failed to exhaust his administrative remedies regarding any claim under the FTCA, and the claim against the FCC should be dismissed as a matter of law.

To the extent Plaintiff is seeking injunctive relief against the FCC, under the Administrative Procedures Act, 5 U.S.C. § 704 of the Act provides that only "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704.  In the present case, Plaintiff does not seek review of any final agency action; rather, he seeks to compel the FCC to take certain actions.  This Court has no

-18-

authority to grant the type of injunctive relief Plaintiff seeks.

3. United States of America - As stated earlier, Plaintiff does not assert a claim against the USA, but merely states that the U.S. Attorney General should be served with various "declarations." Such statements are not sufficient to assert claims against the USA. The claims against the USA should therefore be dismissed as a matter of law.

IV. **Conclusion:**

Based upon the foregoing, the undersigned recommends that:

**1.  Plaintiff's Motion for Leave to Proceed In Forma Pauperis be granted, but his Motion for Service Upon Defendants be denied (Doc. 3) as to all of the Defendants, based upon the doctrine of res judicata and failure to state a claim upon which relief can be granted, and that the complaint be dismissed against Defendants, pursuant to § 1915(e)(2)(B)(I)and (ii).**

**2.  The undersigned also recommends that Plaintiff's Motion for Sanctions (Doc. 16) be denied, as the undersigned has reviewed said motion and finds it to be without merit.**

**4.  The undersigned further recommends that the Court certify in writing that Plaintiff be denied leave to appeal in forma pauperis, as Plaintiff's claims are clearly barred by res judicata and are frivolous, and thus, an appeal would not be**

-19-

taken in good faith.  <u>See</u> 28 U.S.C. § 1915(a)(3).

The parties have fourteen days from receipt of the undersigned's report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this 13ᵗʰ day of July, 2012.


/s/ *Erin L. Setser*

HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

-20-