```
          IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                   FAYETTEVILLE DIVISION

CURTIS J. NEELEY, JR., MFA                              PLAINTIFF

         v.                Civil No. 12-5074

NAMEMEDIA, INC.; GOOGLE, INC.;
MICROSOFT CORPORATION;
FEDERAL COMMUNICATIONS COMMISSION; and
THE UNITED STATES                                       DEFENDANTS
```

### O R D E R

Before the Court is the **Magistrate Judge's Report and Recommendation** (document #18) and plaintiff's objections thereto (document #20). The Court, being well and sufficiently advised, finds and orders as follows:

1.   On April 18, 2012, plaintiff filed his "Complaint for Libelous Invasions of Privacy, Author's Rights Violations, Fraudulent Use of Stolen Art, and Failure to Regulate Wire Communications or Protect Exclusive Rights for Authors" (document #1), in which he claims

   *   that defendant NameMedia stopped allowing users of photo.net to delete submitted art and maliciously prevented deletion of plaintiff's nude art, constituting "defamation by libel" which was an "invasion of privacy;"

   *   that defendant Google allowed nude photos (taken by plaintiff) to be seen and conspired with NameMedia to display the nude photos, constituting defamation and violating the Fourth Amendment and 17 U.S.C. § 106A;

\*   that Google also scanned three of plaintiff's nude photographs from a New York library book in an act of "libelous invasion of privacy" that presented plaintiff in a negative false light;

\*   that defendant Microsoft stopped returning plaintiff's nude art in searches for "curtis neeley" on March 8, 2012, but resumed returning the nude art on April 15, 2012;

\*   that defendant Federal Communications Commission (FCC) refuses to perform its statutory mission for protecting the safety of the public on world-wide wire communications and that it should be ordered to do so; and

\*   that defendant United States should be served with certain "declarations."

Plaintiff filed this Complaint on the heels of the Eighth Circuit Court of Appeals' opinion, entered April 3, 2012, affirming the district court's dismissal of plaintiff's previous complaint against NameMedia, Google, and Network Solutions (case #09-5151), which dealt with many of the same issues.

Plaintiff also filed a motion to proceed in forma pauperis (document #3) and, later, a motion for sanctions (document #16).

2.   In her Report and Recommendation (document #18), Magistrate Judge Erin L. Setser recommends that plaintiff's motion to proceed in forma pauperis be granted but that the complaint be dismissed as to NameMedia and Google based on res judicata.

Likewise, she recommends that the claims against Microsoft, the FCC, and the United States be dismissed for failure to state a claim. The Magistrate Judge further recommends that plaintiff's Motion Seeking Rule 11 Sanctions (document #16) be denied.

    3.   Plaintiff has filed objections (document #20) in which he concedes that his claims against NameMedia are barred by res judicata. However, he argues that his claims against the other defendants should not be dismissed.

    4.   With regard to the claims against Google, plaintiff contends that they consist of "new wrongs" based on "different facts and different evidence" and cites *Daley v. Marriott Int'l, Inc.*, 415 F.3d 889 (8th Cir. 2005) for support.

    (a)   Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action. 415 F.3d at 895-96. In *Daley*, the Eighth Circuit Court of Appeals affirmed the dismissal of a complaint based on res judicata, noting "under the 'same cause of action' element . . . whether a second lawsuit is precluded turns on whether its claims arise out of the 'same nucleus of operative facts as the prior claim.'" 415 F.3d at 896 (quoting *Costner v. URS Consultants, Inc.*, 153 F.3d 667, 673 (8th Cir. 1998)). "In the final analysis the test would seem to be whether the wrong for which redress is sought is the same in both actions." *Id.*

Most of the claims plaintiff makes in the present case stem from the same underlying facts and occurrences that were the basis for the claims made in case #09-5151: plaintiff's artwork depicting nude figures, which he placed in the public domain, were accessible to users, including minors, by conducting an internet search of plaintiff's name. As Google was a party to case #09-5151 and that case was resolved by a judgment on the merits, res judicata precludes those claims in the present action against Google.

(b)   However, plaintiff's invasion-of-privacy claim against Google did not arise out of same underlying facts as the previous case. Plaintiff claims that, at some point after March 7, 2010, Google scanned and uploaded three of plaintiff's nude images (which were correctly attributed to plaintiff) from a New York library book and made them accessible to the public in an online preview of the book. Plaintiff contends that this presented him in a negative false light.

The right to recover for a claim of false-light invasion of privacy is conditioned upon the plaintiff's demonstrating that

   *   the false light in which he was placed by the publicity would be highly offensive to a reasonable person, and

   *   the defendant had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the plaintiff would be placed.

*LasikPlus Murphy, M.D., P.A. v. LCA-Vision, Inc.*, 776 F. Supp. 2d 886, 899 (E.D. Ark. 2011) (citing *Dodrill v. Ark. Democrat Co.*, 265 Ark. 628, 638 (1979)). Arkansas law requires a showing of actual malice in order to prove a false-light claim. *Dodrill*, 265 Ark. at 638.

Plaintiff has failed to explain how the publishing of his own artwork places him in a negative false light, nor has he alleged any falsity associated with the artwork or any malice in the manner in which it was published. Thus, plaintiff has failed to state a claim against Google upon which relief may be granted.

5. With regard to the claim against Microsoft, the Magistrate Judge recommended dismissal for failure to state a claim upon which relief may be granted.

(a) The Magistrate Judge reasoned that, to the extent the claim is construed as a defamation claim, a necessary element of defamation is missing because it was plaintiff—not Microsoft—who originally uploaded the photographs to the internet.

Plaintiff contends this is incorrect because "most nude images returned in Microsoft Corporation searches for 'curtis neeley' on internet wire communications were not placed or created by Mr. Neeley and are associated with the text 'curtis neeley' in violation of privacy." (Emphasis omitted.)

If defamation is indeed the claim plaintiff attempts to make, he must prove

    \* the defamatory nature of the statement of fact;

    \* that statement's identification of or reference to the plaintiff;

    \* publication of the statement by the defendant;

    \* the defendant's fault in the publication;

    \* the statement's falsity; and

    \* damages.

*Lancaster v. Red Robin Int'l, Inc.*, 2011 Ark. App. 706, at 8 (citing *Dodson v. Allstate Ins. Co.*, 365 Ark. 458, 464 (2006)).

Up to this point, plaintiff has never denied uploading his artwork to certain websites. His complaints have revolved around the fact that some of those images remain accessible through internet searches. Plaintiff has failed to state facts that would allow the Court to draw the reasonable inference that defendant Microsoft published plaintiff's nude artwork of its own accord. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Therefore, he has failed to state a claim of defamation against Microsoft.

(b) To the extent plaintiff attempts to claim a violation of 17 U.S.C. § 106A, the Court has already ruled in case #09-5151 (Order, June 7, 2011, document #267) that this section would not apply to copies of plaintiff's artwork on the internet. The Court's reasoning on that issue has not changed. Therefore, plaintiff has failed to state a claim against Microsoft on which relief may be granted.

6.  As for the FCC, the Magistrate Judge found that plaintiff failed to exhaust his administrative remedies before filing suit. Plaintiff contends that "[n]o administrative procedure exists for citizen artists to seek redress from the FCC."

The Court is not persuaded by plaintiff's unsupported contention and notes that regulations regarding the FCC's administrative procedure are found at 47 C.F.R. Part 1 (Practice and Procedure). Furthermore, a consumer complaint form can be accessed on the FCC's website at www.fcc.gov/complaints. Because plaintiff has not made any attempt to pursue an administrative remedy before the FCC, his claim should be dismissed.

7.  The Magistrate Judge correctly noted that plaintiff failed to assert any claim against the United States and merely stated that the U.S. Attorney General should be served with various declarations.

In response, plaintiff attempts to amend his complaint by attaching a "Complaint for Authors' Rights Violations, Failure to Regulate Wire Communications, and Failure to Protect the Exclusive Rights of Authors," in which he names the FCC, Microsoft, Google, and the United States as defendants.

In the proposed amended complaint, the claims against the FCC, Microsoft, and Google remain substantially the same as those asserted in plaintiff's original complaint. With regard to the

United States, plaintiff submits a brief history of copyright law and asserts that the United States refuses to recognize authors' personal rights.

The Court still cannot glean from this document any cognizable claim against the United States beyond plaintiff's general dissatisfaction with its laws and the way its courts have interpreted those laws. Therefore, plaintiff's attempt to amend his complaint is denied, as the proposed amendment would state no claim upon which relief may be granted.

**IT IS THEREFORE ORDERED** that the **Magistrate Judge's Report and Recommendation** (document #18) is **adopted** in its entirety. Plaintiff's objections are overruled.

**IT IS FURTHER ORDERED** that

* plaintiff's **Application to Proceed without Prepaying Fees or Costs** (document #3) is **granted**, but his motion for service upon defendants is denied;

* plaintiff's **Complaint** (document #1) is **dismissed without prejudice**; and

* plaintiff's **Motion for Sanctions** (document #16) is **denied**.

**IT IS FURTHER ORDERED** that, if plaintiff chooses to appeal this matter, he shall be denied leave to appeal in forma pauperis, as his claims are clearly barred by res judicata and are frivolous, and thus, an appeal would not be taken in good faith.

**IT IS SO ORDERED.**

       <u>/s/ Jimm Larry Hendren</u>
       **JIMM LARRY HENDREN**
       **UNITED STATES DISTRICT JUDGE**